IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) SHYESHA SCOTT, as )
Administrator for the Estate of Jaimesse )
Sad'e Thompson, )
)
        Plaintiff, )
)
vs. ) Case No. CIV-24-211-D
)
(1) GARFIELD COUNTY CRIMINAL ) JURY TRIAL DEMANDED
JUSTICE AUTHORITY (GCCJA), )
an Oklahoma Title 60 Authority )
)
        Defendant. )

**JOINT STATUS REPORT AND DISCOVERY PLAN**
**(DEFENDANT'S PORTION)**

Date of Conference:      Not yet scheduled

Appearing for Plaintiff:    Unknown by Defendant

Appearing for Defendant:  Jordan L. Miller

**Jury Trial Demanded X  -  Non-Jury Trial ☐**

1. **BRIEF PRELIMINARY STATEMENT**.   State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

   The undersigned has attempted to have a Rule 26 conference to discuss discovery with Plaintiff's counsel in this matter many times, first reaching out on March 26, 2025, and reaching out at least 5 times since then.  The undersigned was able to briefly speak with Plaintiff's counsel on the afternoon of April 17, and it was the undersigned's understanding that Plaintiff's counsel was driving his vehicle, and would call back later in the afternoon once he reached his destination to complete the Rule 26 conference.  However, the undersigned never received a call back on that date.  Plaintiff's counsel purportedly called back late in the afternoon of Friday, April 18, at which point the receptionist from the undersigned's firm had already left for Good Friday.  In the days since, the undersigned has repeatedly in good faith attempted to schedule a time to speak with Plaintiff's counsel to accomplish a Rule

1

26 conference and prepare this Joint Status Report, but has been unable to accomplish a Rule 26 conference. Defendant has never received a draft of a Joint Status Report from Plaintiff's counsel. Thus, this Joint Status Report is only from the perspective of the Defendant in this matter.

This case concerns the suicide of Jaimesse Thompson, while she was incarcerated in the Garfield County Jail. The Garfield County Criminal Justice Authority (the sole remaining Defendant in this action) maintains that Ms. Thompson's unfortunate suicide took place without any preexisting knowledge of suicidal ideation by jail staff. There was no deliberate indifference by any jail staff member, and no policy, procedure, or custom that was a moving force behind any alleged constitutional violation.

2. **JURISDICTION**. State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

   Defendant maintains that the Court has jurisdiction over the lawsuit under 28 U.S.C. §1331 and §1343 because the suit against Defendant is brought under 42 U.S.C. § 1983 and asserts violations of the Eighth and/or Fourteenth Amendment to the United States Constitution, as well as Title II of the Americans with Disabilities Act.

3. **STIPULATED FACTS**. List stipulations as to all facts that are not disputed, including jurisdictional facts.

   1. Defendant would stipulate that this Court has jurisdiction over the parties and subject matter in this action.
   2. Defendant would stipulate that venue is appropriate in this Court.
   3. Defendant would stipulate that Jaimesse Thompson passed away on November 15, 2020, and that she committed suicide via hanging.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

   a. <u>Plaintiff</u>:   Unknown by Defendant.

   b. <u>Defendant</u>:

   1. Plaintiff has failed to state a claim for any constitutional violation or for any remedy under 42 U.S.C. § 1983, against the Defendant.
   2. Defendant cannot be held liable for any federal constitutional violation resulting from the acts of agents, servants, appointees, or employees under the doctrine of *respondeat superior* and/or vicarious liability.

3. No underlying employee or agent of the Garfield County Detention Center ("GCDC") was deliberately indifferent to decedent's health or safety.
4. Defendant has not executed or implemented any policy or procedure which can be found in any ordinance, regulation, policy statement or decision officially adopted by Defendant, or found in a pattern of persistent practices known to and approved by Defendant that would be considered unconstitutional.
5. Plaintiff has failed to set forth any allegation which would create a material issue of fact as to the requisite, culpable state of mind of deliberate indifference on behalf of Defendant.
6. Defendant had no prior notice of any inadequacies in the GCDC staffing, policies, procedure, or practices, or of any deliberate indifference or other misconduct on the part of GCDC staff.
7. Defendant acted objectively reasonably in all respects.
8. Defendant was not deliberately indifferent to any substantial risk of harm to the Decedent or to other GCDC detainees.
9. The supervision and/or training of employees of the GCDC staff did not cause any violation of the Decedent's constitutional rights.
10. There is no evidence that the need for more or different training or supervision was so obvious, and/or any inadequacy so likely to result in the violation of constitutional rights, that the Defendant could reasonably be said to have been deliberately indifferent to the need for additional training or supervision.
11. No act or omission by Defendant caused Plaintiff's harm or alleged constitutional violations.
12. The Decedent's injuries were self-inflicted and were not reasonably foreseeable by the Defendant.
13. To the extent that Plaintiff is claiming punitive damages against it, the Defendant is immune from any award of punitive damages.
14. The injuries and damages complained of by Plaintiff were caused or contributed to by the acts, conduct, or negligence of the Decedent.
15. Plaintiff's claims may be barred in whole or in part, by the applicable statute of limitations.
16. Defendant is entitled to settlement credit or an offset should Plaintiff settle with any other Defendant, pursuant to 12 O.S. § 832 (H) and/or federal common law.
17. There was no failure to supervise that violated the Constitution.
18. There was no failure to train that violated the Constitution,
19. Plaintiff has failed to state a claim for any constitutional violation or for any remedy under Title II of the Americans with Disabilities Act.
20. Plaintiff may have posed a direct threat to the health or safety of others.
21. Title II of the Americans with Disabilities Act does not apply to the instant case.
22. Decedent is not a qualified individual with a disability.
23. Defendant may not have been required to provide community-based treatment for Plaintiff.

24. Defendant did not violate any duties under Title II of the Americans with Disabilities Act.
25. To the extent Plaintiff had a disability, reasonable accommodation may have posed a substantial risk to herself or others.
26. Any alleged requested accommodation would fundamentally change the nature of a program or service.
27. Decedent was not unjustifiably isolated or excluded from participation in and the benefits of services, programs, or activities meant to support individuals with severe mental illness.
28. Providing an accommodation would require significant difficulty or expense, disproportionate to the benefits.
29. Defendant was not adequately notified of decedent's alleged need for an accommodation.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**. Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

    ☐ Yes    **X** No (from Defendant's perspective)

6. **MOTIONS PENDING AND/OR ANTICIPATED**. (include date of filing, relief requested, and date responsive brief to be filed).

    Defendant anticipates filing a Motion for Summary Judgment. Defendant also anticipates filing a Motion for a Protective Order, and Motions in *Limine*, as necessary. A *Daubert* challenge may be necessary, depending on Plaintiff's expert witnesses, if any.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?

    ☐ Yes    **X** No

    If "no," by what date will they be made? Defendant will submit Initial Disclosures by **May 7, 2025**.

8. **PLAN FOR DISCOVERY**.

    A.  The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on N/A. It has not been held, for the reasons discussed in Paragraph 1 of this report.

    B.  Defendant anticipates that discovery should be completed within eight (8) months.

    C.    In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session?

          Defendant believes that at least six (6) months of discovery would be necessary before any productive settlement conference.

    D.    Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

          ☐ Yes    **X** No (See reasons above)

    E.    Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

          ☐ Yes    **X** No (See reasons above)

          To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

          N/A

    F.    Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

          Defendant believes that Plaintiff's counsel should be reminded of the importance of prompt communication with opposing counsel, and the need to jointly prepare certain documents for the Court.

9.    **ESTIMATED TRIAL TIME**.    3-4 days (from Defendant's perspective)

10.    **BIFURCATION REQUESTED**.

        ☐ Yes    **X** No (from Defendant's perspective)

11.    **POSSIBILITY OF SETTLEMENT**.    ☐ Good    **X** Fair    ☐ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

    A.    Compliance with LCvR 16.1(a)(1) - ADR discussion:  ☐ Yes    **X No**

    B.    The parties request that this case be referred to the following ADR process:

☐ Court-Ordered Mediation subject to LCvR 16.3
☐ Judicial Settlement Conference
☐ Other _____
**X** None- the parties do not request ADR at this time. (from Defendant's perspective)

13.    <u>Parties consent to trial by Magistrate Judge</u>?    ☐ Yes    **X No**

14.    <u>Type of Scheduling Order Requested</u>.

    **X** Standard;  ☐ Specialized (if a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 23rd day of April, 2025

N/A
Counsel for Plaintiff


s/ Jordan L. Miller
Counsel for Defendant
